CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 30 2007

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEONARD SMITH,<br>Plaintiff, | Civil Action No. 7:07-cv-00392 |
| v. | **MEMORANDUM OPINION** |
| C/O DOUGLAS GRIM,<br>Defendant. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Leonard Smith, a Virginia inmate proceeding pro se, brings this action under 42 U.S.C. § 1983 against Correctional Officer Douglas Grim, claiming that Officer Grim used excessive force against him. For the reasons stated, the court finds that Smith has failed to state a claim upon which relief can be granted and, therefore, dismisses his action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

### I.

Smith alleges that on July 31, 2007, Officer Grim came into Smith's unit to count the inmates. Smith claims that the slot on his door was open and Officer Grim balled up his fist "like he was going to hit [him] through the slot." Smith then "buck[ed]" back. Officer Grim proceeded to close the slot "with a very fast slam" and Smith "didn't have time to react and pull [his] hand back, so it closed with [his] hand in it." Smith claims that he told Officer Grim that his hand was stuck, but Grim did not reopen it. Smith states that he then "pushed the button" to communicate with the control room, and the Officer who responded told him to tell Officer Grim when he came back for his rounds. At that point, Smith decided to pull his hand out on his own and that is when it "started the drop blood [sic]."

By Order entered August 14, 2007, the court conditionally filed Smith's claim asking him, among other things, to provide more details regarding the circumstances surrounding the incident,

any injury he received as a result of the incident, any medical treatment he received as a result, and any medical treatment which he needs for injuries incurred in the alleged incident which has been denied. Smith responded by stating that he cannot get a copy of the medical report. In his response, he did not indicate that he received any injury as a result of this alleged incident.

## II.

To establish an Eighth Amendment excessive force claim against a prison official, an inmate must show that the harm plaintiff suffered was sufficiently serious to amount to a constitutional violation and that the defendant acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (1996). Although there is no requirement that an inmate suffer "serious" or "significant" pain or injury to demonstrate that his harm rises to the level of a constitutional violation, a plaintiff must allege "more than a de minimis pain or injury." Norman v. Taylor, 25 F.3d 1259, 1263 n. 4 (4th Cir. 1994). "[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998). However, a de minimis injury may amount to an Eighth Amendment violation if the force used was of the sort "repugnant to the conscience of mankind." Norman, 25 F.3d at 1263, n. 4.

In this case, despite being given the opportunity Smith failed to supply more details to the court to determine whether Smith was claiming that he suffered anything more than de minimis injury, if any injury at all, or whether the force used was "repugnant to the conscience of mankind." Accordingly, the court dismisses Smith's claims.

2

## V.

For the reasons stated, the court dismisses Smith's claims without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

**ENTER:** This August 29, 2007.

_____
UNITED STATES DISTRICT JUDGE

3